# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 19-cr-73-CJW |
| vs. | **SUPPLEMENTAL REPORT AND RECOMMENDATION** |
| AARON JOHNSON, | |
| Defendant. | |

On July 12, 2019, the above-named defendant appeared before the undersigned United States Magistrate Judge by consent and, pursuant to Federal Rule of Criminal Procedure 11, pleaded guilty to Counts 1 and 2 of the Information, False Statement, in violation of 18 U.S.C. Section 1001 and Possession and Attempted Possession of a Controlled Substance, in violation of 21 U.S.C. Sections 844(a) and 846. My prior Report and Recommendation appears at Document No. 12. At the time of the plea hearing, Defendant was released pursuant to an Appearance Bond and Order Setting Conditions of Release.

On July 19, 2019 the United States Probation Office issued a Report on Defendant Under Pretrial Supervision. Among other things, the report contained Defendant's admission he had used a significant quantity of heroin and marijuana on July 11, 2019; i.e., the night prior to the plea hearing. Because of my concern regarding the Defendant's ability to knowingly and voluntarily enter his guilty plea under these circumstances, I set a hearing for July 26, 2019 to take up the issue. Counsel for both parties represented they believe Defendant had been sufficiently competent to enter a guilty plea on July 12,

2019. In an abundance of caution I repeated the entire guilty plea colloquy with Defendant. On July 26, 2019, Defendant again pleaded guilty to Counts 1 and 2 of the Information, False Statement, in violation of 18 U.S.C. Section 1001 and Possession and Attempted Possession of a Controlled Substance, in violation of 21 U.S.C. Sections 844(a) and 846. I therefore reiterate my **RECOMMENDATION that the Court ACCEPT Defendant's guilty pleas and adjudge Defendant guilty.**

I explained that the Parties have fourteen (14) days from the filing of this Report and Recommendation to file any objections to my findings, and that if no objections are made, then the district judge may accept Defendant's guilty pleas by simply entering a written order doing so. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b). *But see, United States v. Cortez-Hernandez*, 673 Fed. App'x 587, 590-91 (8th Cir. 2016) (per curiam) (suggesting that a Defendant may have the right to *de novo* review of a magistrate judge's recommendation to accept a plea of guilty even if no objection is filed). The district court judge will undertake a *de novo* review of the Report and Recommendation if a written request for such review is filed within fourteen (14) days after this Report and Recommendation is filed.

**DONE AND ENTERED** at Cedar Rapids, Iowa, this 26th day of July, 2019.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa